GRISBAUM, Judge.
On March 16, 1987, we issued an opinion reported at 504 So.2d 1153 (La.App.1987), which amended and, as amended, affirmed the judgment of the trial court. Specifically, our decree set aside the award of attorney’s fees but affirmed the balance of the trial court’s judgment, the opinion holding that the issuing bank was in bad faith because it paid a letter of credit after being notified by both the customer and the beneficiary of a possible overstatement of the customer’s indebtedness to the beneficiary. The Louisiana Supreme Court granted certiorari and, after benefit of briefs and oral argument, on November 30, 1987 reversed the judgment of this Court, 515 So.2d 785, *705 concluding we had erred on the bad-faith issue, and remanded the matter here for proper adjudication.
Regarding the question of whether the trial court and this Court erred in finding that the issuing bank should not have funded the letter of credit in light of the “actual knowledge” it possessed concerning the documentation of the letter of credit, the supreme court in its opinion observed that
the issuing bank was presented with a timely demand for payment, and the documents submitted by the presenter were in complete compliance with the terms of the letter of credit. The presenter, Colonial Bank, possessed the draft submitted under a proper endorsement, pursuant to the requirements of La.R.S. §§ 10:5— 112(3) & 10:5-116. Under La.R.S. 10:5-114, FNJ as issuer had an obligation to pay, in the absence of notice of fraud or forgery. Even if FNJ had such notice, it had the option to pay, in the absence of an injunction by the appropriate local court. In either case, since no injunction was issued, FNJ fulfilled its obligation under the letter, and is entitled to performance of its customer’s contract of reimbursement.
The knowledge by FNJ of the defect in PAC’s accounting to Mr. Carmouche does not render the bank’s payment an action in bad faith. The statutory scheme clearly grants to the bank an option to pay in such circumstances, as its obligation to pay is independent of the customer’s obligation to the beneficiary. This is not a case where the parties stipulated in the letter of credit that it was revocable at the will of the customer, or one in which payment under the letter was made subject to the successful performance of the beneficiary’s obligation to the customer. Nor is it a case in which all parties concerned, including the bank, agreed to amend the letter. The bank’s obligation was clearly stated in the letter, and it fully complied with its duty.
We adopt the rationale of the Louisiana Supreme Court upon its reversing and remanding this matter to us by writ of certio-rari.
In the wake of our supreme court’s findings, and upon remand, it is hereby ordered, adjudged, and decreed there be judgment in favor of plaintiff, First National Bank of Jefferson Parish, and against the defendant, Terrel J. Carmouche, in the full and true sum of $150,000, with accrued interest from July 31, 1983 until January 15, 1984, in the sum of $9,450, and with interest on the sum of $150,000 at the rate of 21 percent per annum from January 16, 1984 until paid, plus 25 percent of the principal and interest due through January 15, 1984 as attorney’s fees. All costs of the initial appeal to this Court, all costs in writs and related costs to the Louisiana Supreme Court, and all costs relating to reversal and remand from the Louisiana Supreme Court to this Court are to be paid by the original defendant, Terrel J. Carmouche.
UPON REMAND FROM THE LOUISIANA SUPREME COURT, WE REVERSE THE JUDGMENT OF THE TRIAL COURT AS PRESENTED IN THE OPINION.